**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. _____

MIDASCO, LLC, a foreign limited liability
company,

    Plaintiff,

vs.

ODEBRECHT CONSTRUCTION,
INC., a Florida corporation, LIBERTY MUTUAL
INSURANCE CO., a foreign corporation, ARCH
INSURANCE CO., a foreign corporation, and
THE CONTINENTAL INSURANCE CO., a
foreign corporation,

    Defendants.
_____/

**COMPLAINT**

Midasco, LLC ("Midasco") sues Odebrecht Construction, Inc. ("Odebrecht"), Liberty Mutual Insurance Co. ("Liberty Mutual"), Arch Insurance Co. ("Arch"), and The Continental Insurance Co. ("Continental") and states:

**GENERAL ALLEGATIONS**

1. This is an action for damages in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

2. Midasco is a limited liability company authorized to do business in the State of Florida. Its sole member is a foreign corporation incorporated in Spain.

3. Odebrecht is a Florida corporation, with a principal place of business in Florida, authorized to do business in the State of Florida.

4. Liberty Mutual is a Massachusetts corporation, with a principal place of business in Massachusetts, authorized to do business as a surety in the State of Florida.

5. Arch is a Missouri corporation, with a principal place of business in New Jersey, authorized to do business as a surety in the State of Florida.

6. Continental is a Pennsylvania corporation, with a principal place of business in Illinois, authorized to do business as a surety in the State of Florida.

7. Venue is proper in this court pursuant to Article 5.7 of the Subcontract and 28 U.S.C. § 1332(a).

8. On March 16, 2015, Odebrecht entered into a contract (the "Prime Contract") with the Miami-Dade Expressway Authority to perform the construction of the project known as "Design-Build Services for SR 836" located in Miami-Dade County, Florida (the "Project").

9. On December 25, 2015, Midasco entered into a subcontract (the "Subcontract") with Odebrecht to perform a portion of the construction of the Project. A true and correct copy of the Subcontract is attached as Exhibit "A."

10. On about March 16, 2015, Liberty Mutual, Arch, and Continental (collectively, the "Sureties") executed and delivered a Design-Build Contract Bond on behalf of Odebrecht for the Project. A true and correct copy of the Bond is attached as Exhibit "B."

11. Midasco last performed work on the Project within one (1) year of filing this Complaint.

12. Midasco met the contractual requirements and/or abided by the parties' course of conduct established throughout the Project in asserting and preserving its claims against Odebrecht. All other conditions precedent necessary to maintaining this action have occurred, been satisfied, been performed, and/or been waived.

## COUNT I: BREACH OF CONTRACT
## AGAINST ODEBRECHT

13. Midasco re-alleges the allegations of paragraphs 1 through 12 above.

14. Odebrecht had an implied obligation of good faith and fair dealing that it would reasonably, fairly, and in good faith administer the Subcontract with Midasco.

15. Midasco satisfactorily furnished labor and material necessary for the Project work pursuant to the Subcontract and requested by Odebrecht. Such labor and material have been incorporated into the Project.

16. Amounts are due to Midasco that remain unpaid by Odebrecht on the Project including, but not limited to, amounts incurred due to the changed and extra work caused and directed by Odebrecht which are owed pursuant to the Subcontract and applicable legal principles.

17. Odebrecht breached the Subcontract with Midasco by failing to properly pay monies due and owing to Midasco for the labor and materials furnished by Midasco on the Project.

18. As a direct result of Odebrecht's aforesaid breaches, including, but not limited to, non-payment of contract monies, owed extra work costs, and owed changed work cost, Midasco has suffered damages.

19. Although demand has been made and is made again herein, Odebrecht failed and refused to pay Midasco the amount owed to Midasco. As a direct and proximate result, Midasco has been damaged.

20. Midasco has retained the undersigned counsel to prosecute this action and is obligated to pay its counsel a reasonable fee. Midasco is entitled to recover its reasonable attorneys' fees and costs pursuant to Article 5.5 of the Subcontract and other applicable law.

WHEREFORE, Midasco demands judgment for damages against Odebrecht, together with costs, fees, and interest, and such other and further relief as the Court deems just and proper.

## COUNT II: ACTION ON PAYMENT BOND
## AGAINST SURETIES

21. Midasco re-alleges the allegations of paragraphs 1 through 20 above.

22. Odebrecht breached its Subcontract with Midasco by failing to properly compensate Midasco. Such breach is also a breach by the Sureties under the Bond.

23. Midasco has not been compensated in accordance with the terms of the Subcontract, the Bond and applicable legal principles for amounts due, including without limitation, payment for Project work including owed costs of extra work and owed costs of changed work performed.

24. Midasco has been damaged by the Sureties' breach of the Bond and the non-payment of amounts due.

25. This action has been timely brought in accordance with Section 255.05, Florida Statutes.

26. Midasco has retained the undersigned counsel to prosecute this action and is obligated to pay its counsel a reasonable fee. Midasco is entitled to recover its reasonable attorneys' fees and costs pursuant to Article 5.5 of the Subcontract, Sections 627.756 and 255.05, Florida Statutes, and other applicable law.

WHEREFORE, Midasco demands judgment for damages against Liberty Mutual Insurance Co., Arch Insurance Co., and The Continental Insurance Co. based on the Bond, together with attorneys' fees, interest, and costs, and such other and further relief as the Court deems just and proper.

## COUNT III: QUANTUM MERUIT
## AGAINST ODEBRECHT

27. Midasco adopts the allegations of paragraphs 1 through 8, 11, and 12 above.

28. At the request of Odebrecht, Midasco furnished and provided labor and materials for the Project. Odebrecht assented to and received the labor and materials provided by Midasco for the Project.

29. Midasco conferred a benefit upon Odebrecht by furnishing labor and materials under circumstances where, in the ordinary course of common affairs, a reasonable person receiving such a benefit normally would expect to pay for it. Midasco expected to be paid for the labor and materials provided by it to Odebrecht, and Odebrecht was aware of such expectation.

30. Odebrecht voluntarily accepted and retained the benefit of Midasco's labor and materials but has failed and refused to pay Midasco the value thereof.

31. Should Midasco be unable to fully recover in an action at law in Count I of this Complaint, then Midasco is left without an adequate remedy at law.

WHEREFORE, Midasco demands judgment against Odebrecht for the value of the labor and materials supplied by Midasco for the Project, together with interest and costs incurred, as well as such other and further relief as the Court deems just and proper.

## COUNT IV: UNJUST ENRICHMENT
## AGAINST ODEBRECHT

32. Midasco -alleges the allegations of paragraphs 1 through 8, 11, and 12 above.

33. At the request of Odebrecht, and for Odebrecht's use and benefit, Midasco provided labor and materials to Odebrecht for the Project. Odebrecht knowingly and voluntarily accepted Midasco's labor and material.

34. The value of all the labor and materials furnished to Odebrecht by Midasco has not been paid by Odebrecht. Despite demands for payment which demand is made again herein, Odebrecht has failed and refused to compensate Midasco for the value of the labor and materials.

35. It would be inequitable for Odebrecht to retain the benefit of the labor and materials provided by Midasco without Odebrecht paying for the value of the benefit conferred.

36. Should Midasco be unable to fully recover in an action at law on Count I above, then Midasco is left without an adequate remedy at law.

WHEREFORE, Midasco demands judgment against Odebrecht for the reasonable value of the benefits supplied by Midasco to the Project, together with interest and costs incurred, as well as such other and further relief as the Court deems just and proper.

DATED this 21st day of May, 2020.

Respectfully submitted,

*/s/ Joseph W. Lawrence, II*
Joseph W. Lawrence, II
Florida Bar No.: 211303
Mike Piscitelli
Florida Bar No. 364967
Vezina, Lawrence & Piscitelli, P.A.
350 East Las Olas Blvd., Suite 1130
Fort Lauderdale, FL 33301
Telephone: 954-728-1270
Facsimile: 954-728-1271
jlawrence@vlplaw.com (primary)
mpiscitelli@vlplaw.com (primary)
ealvarado@vlplaw.com (secondary)
kmcfadden@vlplaw.com (secondary)
*Attorneys for Midasco, LLC*